EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CARMELO SOTO QUINTANA, acusado y apelante.

*Número:* CR-65-146        *Resuelto:* 21 de enero de 1966

---

*Santos P. Amadeo* y *Eduardo Cuchí Coll,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Procurador General Auxiliar,* abogados de El Pueblo.

SENTENCIA

San Juan, Puerto Rico, a 21 de enero de 1966

Carmelo Soto Quintana fue acusado y mediante juicio por jurado fue convicto del delito de violación. En 24 de agosto de 1964 fue sentenciado por el Tribunal Superior, Sala de Mayagüez, a una pena de dos años de presidio.

En apelación apunta que se le negó asistencia de abogado durante la investigación del fiscal. De acuerdo con el récord, el ministerio público ofreció como prueba de refutación (*rebuttal*) una declaración del apelante admitiendo que tuvo contacto carnal con la perjudicada de 16 años, pero indicando que se realizó a invitación y con su consentimiento. Dicha declaración fue admitida sin objeción ya que la teoría de la defensa consistió precisamente en que el apelante tuvo contacto carnal con la perjudicada con el consentimiento de ella, y además, bajo una reacción esquizofrénica paranoica que lo incapacitó para conocer las consecuencias de los hechos. La defensa presentó prueba pericial en apoyo de la alegada incapacidad mental del apelante. El fiscal procedió entonces a presentar la declaración y luego de admitida ésta, testificó un perito médico que las contestaciones del apelante contenidas en la referida declaración son las de una persona completamente cuerda.

De la declaración en cuestión aparece que el fiscal advirtió al apelante de su derecho de no declarar y de su derecho "a que esté presente, en este momento, en la tramitación de esta declaración, un abogado . . . ." Se le preguntó si renunciaba a que estuviera presente un abogado en ese momento a lo que contestó el apelante que "Si yo pudiera hablar con el Lic. Felipe Marchand". No aparece de la declaración si el referido abogado fue llamado a asistir al apelante durante la declaración ni circunstancia otra alguna que justificase continuar la declaración en ausencia del mismo.

Como la declaración era al efecto de que el apelante había realizado el acto carnal con la perjudicada a invitación y con el consentimiento de ésta lo cual era uno de los fundamentos en que se apoyaba su defensa, la admisión de la declaración no le perjudicó aun cuando sirvió de base para el testimonio del perito médico del ministerio fiscal. La declaración en cuestión no se ofreció en calidad de una confesión pues claramente no la constituía. Sólo sirvió de base para impugnar la prueba de locura aducida por el apelante. A esos efectos era admisible. *Walder* v. *U.S.*, 347 U.S. 62 (1954); *U.S.* v. *Curry*, 34 U.S.L. Week (U.S. Dec. 2, 1965). Por lo tanto no es de aplicación la doctrina que establecimos en *Rivera Escuté* v. *Jefe Penitenciaría*, 92 D.P.R. 765 (1965).

En tal virtud se confirma la sentencia dictada en este caso por el Tribunal Superior, Sala de Mayagüez, en 24 de agosto de 1964.

Así lo pronunció y manda el Tribunal y firma el señor Juez Presidente, quien al igual que el Juez Asociado Señor Hernández Matos no intervino.

(Fdo.) Luis Negrón Fernández

*Juez Presidente*

Certifico:

(Fdo.) Joaquín Berríos

*Secretario Interino*